IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

DAVID RICHARDSON,

     Petitioner

     v.                             **CIVIL NO. 4:15cv49**
                                     **CRIMINAL NO. 4:13cr6**

UNITED STATES OF AMERICA,

     Respondent.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon David Richardson's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). ECF No. 66. For the reasons set forth herein, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioner's Motion. ECF No. 66.

## I.    PROCEDURAL HISTORY

On January 15, 2013, Petitioner was charged in a one count indictment for Conspiracy to Distribute and to Possess with Intent to Distribute Five Kilograms or more of a Mixture or Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). ECF No. 2. On August 23, 2013, Petitioner pleaded guilty in front of Magistrate Judge Leonard. ECF No. 33. Petitioner signed a Plea Agreement, ECF No. 35, which incorporated a signed Statement of Facts. ECF No. 36. On December 3, 2013, this Court sentenced Petitioner to 260 months of imprisonment and five years of supervised release. J., ECF No. 50. Petitioner appealed even though he agreed to waive his right to appeal in his Plea Agreement. See Plea Agreement, 3–4, ECF No. 35. The Fourth Circuit affirmed Petitioner's

conviction on June 2, 2014. Op., ECF No. 63.

On June 1, 2015, Petition filed the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence ("§ 2255 Motion"). ECF No. 66. On September 1, 2015, this Court ordered the government to respond to Petitioner's Motion. Order, ECF No. 70. After an extension of time was granted, the Government filed its Response on November 28, 2015. ECF No. 73. After an extension of time was granted, Petitioner filed his Reply to the Response on January 21, 2016. ECF No. 76.

## II.   28 U.S.C. § 2255: MOTIONS TO VACATE, SET ASIDE, OR CORRECT SENTENCE

### A.   General Standard of Review

Collateral review created by 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing Court lacked jurisdiction; (3) the sentence imposed was in excess of the maximum amount authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. On such grounds, the petitioner may move the court to vacate, set aside, or correct a sentence. The Supreme Court has held that § 2255 is the appropriate vehicle by which a federal prisoner may challenge both a conviction and the post-conviction sentence. Davis v. United States, 417 U.S. 333, 343–44 (1974).

A district court may dismiss a petitioner's § 2255 motion in several clearly defined circumstances. The statute provides that, "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney [and] grant a prompt hearing thereon . . . ." 28 U.S.C. § 2255. Thus, as a corollary, a court may dismiss a § 2255 motion if it is clearly

2

inadequate on its face and if the petitioner would not be entitled to relief assuming the facts alleged in the motion are true. If the motion when viewed against the record shows that the petitioner is entitled to no relief, the court may summarily deny the motion. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

When filing a § 2255 petition to vacate, set aside, or correct a sentence, a petitioner "bears the burden of proving his grounds for collateral attack by a preponderance of the evidence." Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998) (citing Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967)); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). A motion under § 2255 may not, however, "do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Thus, any matter that could have been asserted either at trial or on appeal but was not so asserted is not appropriate for review on motion under § 2255 without a showing of "cause" sufficient to excuse the double procedural fault and "actual prejudice" resulting from the error. Id. at 167–68; see also Wainright v. Sykes, 433 U.S. 72 (1977); Davis, 411 U.S. at 241–43 ("We believe that the necessary effect of the congressional adoption of [Fed. R. Crim. P. 12] is to provide that a claim once waived pursuant to that Rule may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of 'cause' which that Rule requires."). A showing of "actual prejudice" requires a petitioner to establish that the error had a "substantial and injurious effect or influence in determining the jury's verdict." Fry v. Pliler, 551 U.S. 112, 116 (2007) (quoting Brecht v. Abrahamson, 507 U.S. 619, 631 (1993)).

Absent a showing of "cause" and "prejudice," a petitioner may raise a procedurally defaulted claim in a collateral attack only upon a showing that a "miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v.

Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citing Frady, 456 U.S. at 167–68; United States v. Maybeck, 23 F.3d 888, 891–92 (4th Cir.1994)). In other words, a petitioner must establish actual innocence by clear and convincing evidence. Id.

### B.   Ineffective Assistance of Counsel Standard of Review

To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in Strickland v. Washington. 466 U.S. 668 (1984).

First, the petitioner must show that counsel's performance fell below an objective standard of reasonableness. To show that defense counsel's performance was objectively unreasonable, the petitioner must articulate specific acts or omissions whereby counsel's performance fell "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. When reviewing the propriety of these alleged acts or omissions, courts must give substantial deference to defense counsel's strategic judgments. Id. at 689–90.

Second, the petitioner must show that he was prejudiced by counsel's deficient performance, in that it is "reasonably likely" that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Harrington v. Richter, 562 U.S. 86, 111–12 (2011) (citing Strickland, 466 U.S. at 696). "The likelihood of a different result must be substantial, not just conceivable." Id. (citing Strickland, 466 U.S. at 693). The burden is on the petitioner to affirmatively prove prejudice. Strickland, 466 U.S. at 693.

A petitioner's failure to satisfy either prong of the Strickland test renders it unnecessary for a reviewing court to consider the other element. United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

### III.   PETITIONER'S CLAIMS

Petitioner raises six grounds for relief in his § 2255 motion: (1) that Petitioner received ineffective assistance when counsel "abandoned [Petitioner's] claim that he was not involved in

4

the alleged cocaine distribution that occurred in December 2009," ECF No. 67 at 2; (2) that Petitioner received ineffective assistance when counsel "advised the Court without first consulting with Petitioner that he did not want to withdraw his guilty plea," id. at 4; (3) that Petitioner received ineffective assistance when counsel "advised the Court that Petitioner was responsible for distributing over five kilograms of cocaine knowing that Petitioner claimed responsibility for only 3.94 kilograms of cocaine, thus creating an actual conflict of interest," id. at 7; (4) that Petitioner received ineffective assistance when counsel "advised Petitioner that he was not a career offender," id. at 8; (5) that "Petitioner was improperly sentenced to a mandatory minimum sentence based, in part, on relevant conduct that occurred outside the time period of the conspiracy agreed to by Petitioner," id. at 9; and (6) that "Petitioner is no longer a career offender and is entitled to resentencing." Id. at 10. Petitioner requests that the Court allow discovery, conduct an evidentiary hearing, permit amendments to his claims, permit further briefing, and, ultimately, vacate his convictions and sentence. Id. at 12.

Despite the many guises under which Petitioner characterizes his claims, his petition in essence challenges three aspects of his conviction and sentence: the drug weight that established the mandatory minimum for his sentence and his advisory guideline range, whether his attorney consulted him about withdrawing his guilty plea, and his status as a career offender. The Court will address each of these aspects in turn.

### A.   Drug Weight (Grounds One, Three, and Five)

Three of the grounds for relief from his sentence asserted by Petitioner relate to the drug weight, five kilograms, that established the mandatory minimum for his sentence and his advisory guideline range. All of these claims fail for the same reason: Petitioner knowingly and voluntarily pleaded guilty to Conspiracy to Distribute and to Possess with Intent to Distribute more than 5 kilograms of Cocaine in violation of Title 21, United States Code, Sections 846,

841(a)(1), and 841(b)(1)(A). See Plea Agreement, ECF No. 35; Statement of Facts, ECF No. 36.

### 1. Petitioner's Plea Hearing

Before going into the specific of Petitioner's claims involving the drug weight it will be beneficial to recount the sworn statements and affirmations made by Petitioner at his plea hearing. Many of the sworn affirmations he made during his Rule 11 Plea Colloquy are directly at odds with the contentions Petitioner has made with his instant § 2255 Motion, contentions he has sworn to, under penalty of perjury, in a signed affidavit. See Aff. of David Richardson, ECF No. 67-3, Att. C. Again and again during the plea colloquy, Petitioner affirmed, under oath, that he was freely and voluntarily pleading guilty to conspiracy to distribute and to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. He also affirmed, under oath, that he was pleading guilty because he was in fact guilty.

Petitioner was sworn at the beginning of his plea hearing. Plea Hr'g Tr., ECF No. 60 at 3–4. He affirmed that he had read the charges in the one count indictment against him and had agreed to plead guilty to the count contained in the indictment. Id. at 5. The Court read the charges against him—"conspiracy to possess with intent to distribute and distribution of five kilograms or more of a mixture or substance containing a detectable amount of cocaine"—and listed each element of the offense that the government would have to prove, including that "the overall scope of the conspiracy involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine." Id. at 5–6. Petitioner affirmed that he understood what the government would have to prove in order to convict him. Id. at 6. Petitioner also affirmed that he understood that the "maximum penalty provided by law for Count 1 is a mandatory minimum term of 10 years in prison and a maximum term of life in prison . . . ." Id.

Petitioner affirmed that he had read the plea agreement. Id. at 8. He affirmed that he had

6

reviewed and signed the agreement and had initialed each page. Id. at 9. He affirmed that he had "discussed all the facts" of his case with his attorneys and had "discussed [with them] any possible defenses" he may have had. Id. at 13. Petitioner affirmed that he was "entering this plea agreement freely and voluntarily." Id. at 16–17.

Before the Court took Petitioner's plea of guilty, it again read the charges against him, twice mentioning the drug weight of more than five kilograms of cocaine. Id. at 18. It asked him how he pleaded to the charges of conspiring to "distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine" and to "possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine." Id. at 16. When the Court asked "how do you plead, guilty or not guilty," Petitioner responded "guilty." Id. at 19. When the Court asked if "are you pleading guilty because you are in fact guilty of the offense with which you have been charged," Petitioner responded "I am guilty." Id. Petitioner was shown the Statement of Facts and asked if it was "the statement of facts that you have reviewed and signed." Id. He responded "yes." Id. He affirmed that the Statement of Facts was accurate. Id. at 20. When asked if there was anything in the Statement of Facts with which he disagreed, he said "no." Id. When asked if there was anything in the Statement of Facts to which he objected or took exception, he said "no." Id. Finally, he agreed that should "this matter proceed to trial, the government's evidence would be sufficient to prove each [of the facts in the Statement of Facts] beyond a reasonable doubt." Id. Of particular note to the present motion, the facts in the Statement of Facts—facts sworn to by Petitioner—include that Petitioner, "between the dates in the indictment," conspired "to possess with intent to distribute and to distribute kilos of cocaine on a number of occasions" and that "[t]hese drug weights amounted to just over five kilograms of cocaine." Statement of Facts ¶ 3.

**2. Petitioner's Current Contentions**

With Ground One, Petitioner alleges that he received ineffective assistance of counsel when counsel "abandoned [Petitioner's] claim that he was not involved in the alleged cocaine distribution that occurred in December 2009." ECF No. 67 at 2. According to Petitioner, had counsel persisted in this objection *at sentencing*, Petitioner would have been attributed with less than five kilograms of cocaine and would be subject to both a lower mandatory minimum and a lower advisory guideline range. Id. at 3. Similarly, with Ground Five Petitioner alleges that he "was improperly sentenced to a mandatory minimum sentence based, in part, on relevant conduct that occurred outside the time period of the conspiracy agreed to by Petitioner." Id. at 9. And with Ground Three Petitioner alleges that he received ineffective assistance when counsel "advised the Court that Petitioner was responsible for distributing over five kilograms of cocaine knowing that Petitioner claimed responsibility for only 3.94 kilograms of cocaine, thus creating an actual conflict of interest." Id. at 7.

As the Court pointed out at sentencing, Petitioner signed a Plea Agreement and a Statement of Facts wherein Petitioner knowingly pleaded guilty to distributing more than five kilograms of cocaine during the time period covered by the indictment. See Sentencing Tr., 7, ECF No. 59. The signed Statement of Facts provides that co-operating individuals told federal law enforcement agents that "between the dates in the indictment the defendant conspired with them to possess with intent to distribute and to distribute kilos of cocaine on a number of occasions" and that "[t]hese drug weights amounted to just over five kilograms of cocaine." Statement of Facts ¶ 3. The signed Plea Agreement further provides that

> The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the

8

Sentencing Guidelines."

Plea Agreement ¶ 3, ECF No. 35.

Assuming that Petitioner's counsel in fact "abandoned" Petitioner's claim that he was not involved in the alleged cocaine distribution that occurred in December 2009 and therefore did not conspire to possess with intent to distribute more than five kilograms of cocaine, there was no prejudice because Petitioner voluntarily pleaded guilty to a drug weight greater than five kilograms. Petitioner was sentenced based on a drug weight between five and fifteen kilograms. See Presentence Report ("PSR"), ECF No. 52 at 26. The Court necessarily attributed Petitioner with more than five kilograms of cocaine based the Plea Agreement and Statement of Facts signed by Petitioner. See Sentencing Tr., 9, ECF No. 59. Any argument by Petitioner's counsel that he should be attributed with less than five kilograms would have been frivolous. Because Petitioner cannot establish any prejudice due to counsel's alleged abandonment of his objections to the drug weight, his claim—Ground One—that he received ineffective assistance on account of such abandonment is without merit. The Court **DENIES** Ground One of the § 2255 Motion.

Recognizing perhaps that his admission to a drug weight in excess of five kilograms in his Plea Agreement forecloses any possibility of prejudice, Petitioner also characterizes his counsel's alleged consent to a drug weight in excess of five kilograms as an actual conflict of interest. Such is the purported basis for Petitioner's second ground for § 2255 relief. When defense counsel has an actual conflict of interest, the performance element of Strickland is satisfied and prejudice presumed. United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991). An actual conflict occurs when defense "counsel actively represented conflicting interests." Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). In this case, it is entirely unclear what "conflicting interests" Petitioner's counsel is alleged to have represented. The Petitioner alleges that the

9

conflict arose when his counsel "advised the Court that Petitioner was responsible for distributing over five kilograms of cocaine knowing that Petitioner claimed responsibility for only 3.94 kilograms of cocaine." ECF No. 67 at 7. Of course, as just discussed, Petitioner signed a Plea Agreement—a contract—and a Statement of Facts wherein admitted to responsibility for more than five kilograms. The Court reminded Petitioner's counsel of this shortly before counsel consented to a reduction of the drug weight attributable to Petitioner to 5.9 kilograms of cocaine. Sentencing Tr., 9, 13–14. Because Petitioner himself previously admitted to an amount "just over five kilograms of cocaine," Statement of Facts ¶ 3, there was no conflict in his counsel agreeing to such a reduction. The Court **DENIES** Ground Two of the § 2255 Motion.

Finally, Ground Five of the petition is without merit. With Ground Five Petitioner argues that he "was improperly sentenced to a mandatory minimum sentence based, in part, on relevant conduct that occurred outside the time period of the conspiracy agreed to by Petitioner." ECF No. 67 at 9. The drug quantity that establishes the mandatory minimum sentence is not that which is described in the PSR; it is the drug quantity provided for in the Plea Agreement or proven at trial. Petitioner is subject to a mandatory minimum sentence of 120 months based on his Plea Agreement and the accompanying signed Statement of Facts wherein Petitioner knowingly and voluntarily agreed to plead guilty to a Conspiracy to Distribute 5 Kilograms or more of a Mixture or Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). The Court **DENIES** Ground Five of the § 2255 Motion.

## B.     Withdrawal of Guilty Plea (Ground Two)

Petitioner recognizes that he "signed off on a Statement of Facts." ECF No. 67 at 4. This Statement of Facts explicitly says that Petitioner conspired to possess with intent to distribute and to distribute more than five kilograms of cocaine. Statement of Facts, ECF No. 36 at 2. To get around this Petitioner argues that his counsel, during sentencing, "provided constitutionally

ineffective assistance when he advised the Court without first consulting with Petitioner that he did not want to withdraw his guilty plea." ECF No. 67 at 4. However, because the record before this Court shows that Petitioner never sought to withdraw his plea before sentencing and that he affirmed his guilt during sentencing, there is no prejudice to Petitioner even if the Court accepts his dubious contention that his counsel should have consulted with him about maintaining his guilty plea. Therefore, Petitioner's claim of ineffective assistance is without merit.

Petitioner freely and voluntarily pleaded guilty. See Plea Hr'g Tr. In his § 2255 Motion, Petitioner maintains for the first time that he wished to withdraw his plea prior to the completion of the sentencing hearing. Petitioner claims that he developed this desire sometime after seeing in the PSR that some of the cocaine attributed to the Petitioner *in the PSR* included sales in 2009. ECF No. 67 at 5. Because of that, Petitioner alleges, he then desired to withdraw his plea. Id. This claim is hard to credit. As emphasized before, Petitioner pleaded guilty to a drug conspiracy involving more than five kilograms of cocaine. No one knew better than Petitioner the amount of the drugs that he conspired to possess and distribute during the period covered by the indictment. When he voluntarily pleaded guilty he knew far more than the probation officer who put together the PSR about the drug transactions in which he was involved.

If the PSR made Petitioner question his guilt, he could have then requested that his lawyer move to withdraw his guilty plea prior to the date set for the sentencing hearing. His lawyer made no such motion. What Petitioner seems to be claiming is that his desire to withdraw his guilty plea manifested when the Court, during sentencing, indicated that it might be willing to allow Petitioner to withdraw his guilty plea. See Mem. in Support of § 2255 Mot., ECF No. 67 at 5 ("[Petitioner] submits that he has a fair and just reason for requesting withdrawal – in fact – the Court was willing to allow him to withdraw his plea."). When the Court asked Petitioner's

11

counsel if Petitioner wanted to withdraw his plea, his counsel affirmed Petitioner's acceptance of his guilt. Sentencing Tr., ECF No. 59 at 10. It is this affirmation—allegedly without the consent of Petitioner—that Petitioner claims was ineffective assistance.

The Court takes no position on whether counsel should have consulted Petitioner before telling the Court that Petitioner did not want to withdraw his guilty plea, although it is skeptical about this claim. Ultimately it does not matter if counsel should have consulted Petitioner because the record is unambiguous in that Petitioner did not want to withdraw his guilty plea. There is no indication in the record that Petitioner objected to his counsel's representation to the Court that Petitioner did not want to withdraw his guilty plea and accepted his guilt. See id. Of greater importance, Petitioner made an unsworn statement before the Court issued its sentence in which he said "I am here to today to receive my sentence for a crime that I committed, a crime that I am truly sorry that I committed." Sentencing Tr., ECF No. 59 at 53. These are not the words of a man who only minutes before would have withdrawn his guilty plea if consulted by his attorney. Because Petitioner cannot show any prejudice on account of his counsel's alleged failure to consult him about withdrawing his guilty plea, Petitioner's claim of ineffective assistance is without merit. The Court **DENIES** Ground Two of the § 2255 Motion.

C.    **Career Offender Status**

Petitioner makes two arguments in connection with his sentencing as a career offender. With Ground Four, Petitioner argues that he received ineffective assistance of counsel when his counsel advised him that he was not a career offender. ECF No. 67 at 8. With Ground Six, Petitioner argues that he is no longer a career offender and should be resentenced. Id. at 10.

The Court notes at the outset that Ground Four is of doubtful merit. His Plea Agreement states plainly that "any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the

defendant's counsel . . . is a *prediction*, not a promise, and is not binding on the United States, Probation Office, or the Court." Plea Agreement, ECF No. 35 at 3. Additionally, he was asked during his plea colloquy whether he understood "that until such time as the presentence report is completed, it's impossible for either the court or your attorneys to know precisely what sentence range will be prescribed by the guidelines." Tr. Plea Hr'g, ECF No. 60 at 14–15. Petitioner said "yes." Id. He was also asked if he understood "that at this point it's unlikely that your attorneys can be specific as to the guidelines which will apply in your case because they have not yet seen the presentence report since it's not yet been prepared." Id. Petitioner said "yes." Id. Finally, he was asked if he understood "that you will not be able to withdraw your guilty plea on the grounds that your attorneys were mistaken in their prediction of what the sentencing guideline range would be." Id. at 16. Petitioner said "yes." Id. In sum, Petitioner was fully aware that whatever prediction his attorney made about the guidelines was just that, a mere prediction. However, because the Court reluctantly agrees with the Government that the Petitioner should be resentenced without the career offender enhancement, Petitioner cannot show prejudice even if his counsel was ineffective. Petitioner will now receive a sentence in line with the expectation he claims to have had when he pleaded guilty.

　　　　Petitioner argues that he should be resentenced because one of the two felonies that qualified him as a career offender has since been vacated. ECF No. 67 at 10–12. Petitioner pleaded guilty in the New York State Supreme Court, New York, New York, of Felony Assault in the Second Degree. PSR ¶¶ 21, 76. The viciousness of this assault bears mentioning. According to the police report obtain by the Probation Office:

> [O]n June 3, 2010, the defendant and his brother approached a male, who was walking toward his building, and started a verbal dispute with this individual. The defendant and his brother proceeded to punch this individual in the face four times, and either the defendant or his brother, picked up a beer bottle and his the victim over the head. The

victim suffered a broken jaw and a laceration to his forehead that was two inches in length. The victim had to have his jaws bolted to hold them in place and had approximately 60 stitches to close the wound.

Id. ¶ 76. This offense along with a previous felony drug conviction qualified Petitioner as a Career Offender under the Sentencing Guidelines. Id. ¶ 30. After sentencing by this Court on December 3, 2013, Supreme Court of New York vacated his Felony Assault charge on October 3, 2014. ECF No. 67, Att. A. On December 5, 2014, Petitioner appeared before the Supreme Court of New York and pleaded guilty to a misdemeanor charge of Assault in the Third Degree, for which he was sentenced to time served. Id., Att. B.

There is no question that Petitioner's sentence was lawful when issued. Nevertheless, the government agrees with Petitioner that he should be resentenced now that one of his prior felonies has been vacated. ECF No. 73 at 14. Both the government and Petitioner rely on a series of Supreme Court cases in which the Court has "*assume[d] . . . that a defendant given a sentence enhancement for a prior conviction is entitled to a reduction if the earlier sentence is vacated.*" Johnson v. United States, 544 U.S. 295, 303 (2005) (emphasis added) (citing Custis v. United States, 511 U.S. 485, 497 (1994); Daniels v. United States, 532 U.S. 374, 382 (2001)). The Fourth Circuit relied on the language in these opinions when it held that a prisoner may reopen his prior sentence when a prior state court conviction that enhanced that sentence has been vacated. See United States v. Gadsen, 332 F.3d 224, 228 (4th Cir. 2003). Nevertheless, this Court wonders if this assumption would remain valid even in a case like the present where a defendant had his state conviction vacated so that he could plead guilty to a lesser charge based on the same facts. This is not a case where the defendant is later found to be innocent of the acts that formed the basis for the prior state conviction. Petitioner's situation seems to be closer to that where the legal effect of a prior state conviction—such as whether a prior conviction

qualifies as a felony for the purposes of the career offender enhancement—has changed after sentencing due to subsequent change in Circuit or Supreme Court precedent. In several circuits, a prisoner may not make a collateral challenge to his sentence based on such subsequent changes in law. See Spencer v. United States, 773 F.3d 1132, 1135 (11th Cir. 2014) (en banc); Hawkins v. United States, 706 F.3d 820, 823 (7th Cir.2013), supplemented on denial of reh'g, 724 F.3d 915 (7th Cir. 2013); Sun Bear v. United States, 644 F.3d 700, 705–06 (8th Cir. 2011) (en banc). Although the question appears to be open in this Circuit, Judge Wilkinson has convincingly argued that this situation should not form the basis for collateral relief. Whiteside v. United States, 748 F.3d 541, 556–64 (4th Cir. 2014) (Wilkinson, J., dissenting), rev'd en banc, 775 F.3d 180 (4th Cir. 2014).[1]

However, the government today makes no challenge to Petitioner's desire for resentencing. In fact, it argues that Petitioner should be given the mandatory minimum sentence for his crime, 120 months. ECF No. 73 at 15. The Court, with some reluctance, will resentence Petitioner now that he has had his prior state court conviction vacated. Although the Supreme Court dicta relied upon by the parties is uncertain in scope, there is no contrary precedent directly on point and no argument by the government in opposition. The Court will, however, hold a hearing and determine the appropriate sentence based on the advisory guidelines range and the factors set forth in 18 U.S.C. § 3553. Accordingly, the Court **DENIES as MOOT** Ground Four of Petitioner § 2255 Motion and **GRANTS** Ground Six of his § 2255 Motion.

---

[1] Although the decision from which Judge Wilkinson dissented was reversed on en banc review, the en banc opinion is narrower than Judge Wilkinson's dissent. Sitting en banc, the Fourth Circuit, in an opinion by Judge Wilkinson, held that a change in circuit precedent that altered the legal effect of a prior conviction used to enhance his conviction was not a new fact such that the petitioner could file a 28 U.S.C. § 2255 petition more than a year after his federal sentence became final. Whiteside v. United States, 775 F.3d 180, 181 (4th Cir. 2014) (en banc). In his dissent from the panel decision, Wilkinson argued that such claims were not cognizable on collateral review, even if a petition is timely. Whiteside v. United States, 748 F.3d 541, 556–64 (4th Cir. 2014) (Wilkinson, J., dissenting).

## IV.   CONCLUSION

For the reasons set forth herein, the Court **GRANTS IN PART and DENIES IN PART** Petitioner's § 2255 Motion. ECF No. 66. Petitioner's conviction remains in force. The Court **VACATES** the sentence imposed by the judgment of this Court on December 3, 2013. See J., ECF No. 50. Petitioner is to remain in federal custody pending resentencing by this Court. The Court **DIRECTS** counsel for Petitioner and the United States Attorney's Office to contact the Courtroom Deputy Lori Baxter to schedule a new sentencing hearing. Each party should submit a position on sentencing seven days prior to the resentencing hearing.

The Clerk is **DIRECTED** to forward a copy of this Order to Petitioner, the Probation Office, and all counsel of record.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Newport News, VA
February 16, 2016

16