

FILED

JAN -4 2017

CLERK, US DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**UNITED STATES OF AMERICA**

v.                            **CRIMINAL NO. 4:13cr6**
                                **CIVIL NO. 4:15cv49**
**DAVID RICHARDSON,**

        **Defendant.**

## ORDER

This matter comes before the Court upon the Motion to Withdraw as Counsel for David Richardson ("Defendant") filed by one of Defendant's counsel, Mary E. Davis. ECF No. 96. For the reasons set forth herein, Defendant's Motion is **DENIED**.

### I. PROCEDURAL HISTORY

On August 23, 2013, pursuant to a written plea agreement with the United States, Defendant pled guilty before this Court to one count of Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). ECF Nos. 2, 33, 35. On December 3, 2013, this Court sentenced Defendant to 260 months in prison and a five-year term of supervised release. ECF No. 50. On June 1, 2015, Defendant filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255; among other claims for relief, Defendant argued that he should be resentenced because one of the two felonies that qualified him as a career offender had since been vacated. ECF No. 67. After granting in part the Motion to Vacate for this reason, ECF No. 77, the Court resentenced the Defendant on May 10, 2016 and entered an Amended Judgment imposing a 120-month term of imprisonment, a five-year term of supervised release, and a $12,500 fine. ECF No. 84. Defendant appealed.

1

On June 2, 2016, the United States Court of Appeals for the Fourth Circuit granted Defendant's Motion for appointment of counsel pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, and appointed Mary E. Davis, current counsel for Defendant, to represent Defendant. United States v. Richardson, No. 16-6660, PACER Nos. 8, 9 (4th Cir. 2016) (hereinafter "Case No. 16-6660"). Ms. Davis had also previously made an appearance in this Court in June 2015 as retained counsel to represent Defendant during the 28 U.S.C. § 2255 proceedings in this Court; alongside Ms. Davis, Trey Kelleter had also been retained as local counsel at that time. ECF Nos. 68, 69.

On November 17, 2016, the Fourth Circuit issued an Order and Judgment, which vacated the part of Defendant's sentence imposing a fine and remanded Defendant's case to this Court for resentencing consistent with the Fourth Circuit's decision. ECF Nos. 93, 94. Defendant is set to be resentenced by this Court on January 31, 2017.

## II. DEFENDANT'S MOTION

On December 20, 2016, Ms. Davis filed the instant Motion, requesting leave to withdraw as one of Defendant's counsel and asking that the Court appoint Mr. Kelleter as counsel for Defendant pursuant to the CJA. ECF No. 96. To further complicate this matter, as noted above, Mr. Kelleter was already a counsel in this case, having filed the Defendant's Motion to Vacate under 28 U.S.C. § 2255, ECF No. 66, and notice of appeal, ECF No. 82. No motion to withdraw has been made by Mr. Kelleter.

In support of the Motion by Ms. Davis, who is based in Washington, D.C., Ms. Davis advises the following:

> 1. Family members of [Defendant] retained the services of Mary Davis in order to file a motion pursuant to 28 U.S.C. § 2255. Mr. Kelleter acted as local counsel.
>
> 2. In his appeal to the Fourth Circuit in Case Number 16-6660,

2

> [Defendant] submitted a financial affidavit and a request for appointment of counsel. Inasmuch as [Defendant] had been incarcerated for over three years and had no income or assets, counsel was appointed to represent him on appeal.
>
> 3. [Defendant's] family no longer has funds available to pay for Ms. Davis' further representation, in particular travel expenses. [Defendant] also has no funds available and appears to be eligible for appointment of counsel under the [CJA].

Id. ¶¶ 1–3. See also Case No. 16-6660, PACER Nos. 7, 8, 9 (granting Defendant's motion to appoint Ms. Davis as his counsel, pursuant to the CJA, during proceedings before the Fourth Circuit).

The Motion adds that Mr. Kelleter should be appointed pursuant to the CJA as Defendant's counsel for resentencing because Mr. Kelleter "has acted as local counsel," is familiar with the case, is on the CJA panel, and Defendant "has advised Ms. Davis that he is very agreeable to having Mr. Kelleter appointed to represent him at re-sentencing." Id. ¶ 5. However, as noted, Mr. Kelleter is already a counsel for the Defendant as there has been no order allowing him to withdraw.

### A. LEGAL STANDARD

The CJA provides that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). At least one circuit has construed ancillary matters to include those "that are a part of the original action, such as sentencing and resentencing . . . ." United States v. Webb, 565 F.3d 789, 795 (11th Cir. 2009).

The CJA further provides that "the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." Id. (18 U.S.C. § 3006A(b) dictates how the court is to select and appoint such counsel.) Altogether, the granting or denial of

a motion to withdraw or for substitution of counsel is within a trial court's discretion. United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994). See also United States v. Parker, 469 F.3d 57, 61 (2d Cir. 2006) ("Courts are afforded considerable latitude in their decisions to replace appointed counsel, and may do so where a potential conflict of interest exists . . . and in the interests of justice . . . among other circumstances." (internal citations and quotations omitted)). Presently at issue are two related but distinct questions: first, whether Ms. Davis may withdraw, and second, whether Mr. Kelleter may be substituted as CJA-appointed counsel.

Though the Sixth Amendment guarantees a defendant's right to his or her counsel of choice, Powell v. Alabama, 287 U.S. 45, 53 (1932), such a right is "circumscribed in several important respects." Wheat v. United States, 486 U.S. 153, 159 (1988). First, the "defendant's right to choose his or her lawyer is not absolute" as it "must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). This is particularly so for indigent defendants: "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." United States v. Gonzalez-Lopez, 548 U.S. 140, 151 (2006) (citations omitted). See also United States v. Smith, 640 F.3d 580, 588 (4th Cir. 2011).

Second, "[b]ecause the right to choose counsel is not absolute, it necessarily follows that a defendant does not have an absolute right to substitution of counsel." Mullen, 32 F.3d at 895. Rather, "as a general rule, a defendant must show good cause in requesting a new lawyer." Id. District courts in the Fourth Circuit have found that a conflict of interest or a breakdown in communications between the current attorney and client may constitute good cause. See Umar v. United States, 161 F. Supp. 3d 366, 385 (E.D. Va. 2015). Thus, altogether, an indigent defendant has no right to particular attorney; similarly, such a defendant does not have an absolute right to

4

substitution of counsel.

Instead, "once a court has appointed counsel for an indigent defendant, the decision whether to grant a motion to withdraw or substitute counsel lies within the court's discretion." Umar, 161 F. Supp. 3d at 383–84. In evaluating whether the trial court has abused its discretion in denying a defendant's motion for substitution, the Fourth Circuit considers (and district courts in the Fourth Circuit have employed) three factors: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the attorney/client conflict was so great that it had resulted in a total lack of communication preventing an adequate defense. Mullen, 32 F.3d at 895. See also United States v. Taylor, 2015 WL 12806534, at n. 3 (E.D. Va. June 23, 2015); United States v. Ashe, 2013 WL 4052677, at *1 (W.D.N.C. Aug. 12, 2013); United States v. Taylor, 2012 WL 139072, at *1–2 (E.D. Va. Jan. 18, 2012).

**B.  ANALYSIS**

It should be noted that it does not appear that the Fourth Circuit or a district court within the Fourth Circuit has directly addressed the issue of withdrawal and substitution of counsel in post-appeal remands for resentencing. As a result, this Court employs in its analysis the case law that has developed in this Circuit with respect to withdrawal and substitution of attorneys for indigent defendants generally, including the three factors outlined above.

In terms of the first factor—timeliness—"the court is entitled to take into account . . . the public interest in proceeding on schedule." United States v. West, 877 F.2d 281, 286 (4th Cir. 1989). Such an interest includes a consideration of the necessity of continuances upon the filing of such a motion. Taylor, 2012 WL 139072, at *1. The Fourth Circuit has previously found a motion to withdraw filed thirty-three days prior to trial to be timely, even if it resulted in "some delay" because of a continuance. Mullen, 32 F.3d at 896. Thus, because counsel filed this Motion

5

on December 20, 2016—over one month before the scheduled resentencing date of January 31, 2017—this factor weighs in favor of granting Defendant's motion.

In terms of the second factor—the adequacy of this Court's inquiry into the Defendant's complaint—the Fourth Circuit has instructed that "when a defendant raises a seemingly substantial complaint about counsel, the judge has an obligation to inquire thoroughly into the factual basis of defendant's dissatisfaction" in order to determine whether good cause for substitution exists. Mullen, 32 F.3d at 897 (internal quotations and citations omitted). However, this factor is, for the time being, rendered moot by this Court's assessment of the third factor.

The third factor considers whether there has been a "total lack of communication" between the attorney and the client such that the absence of communication has prevented the development of an adequate defense. Id. First, it does not appear to this Court that there has been a total lack of communication between the Defendant and Ms. Davis (or Defendant and Mr. Kelleter). To the contrary, the Motion for Withdrawal advises of Defendant's communication with counsel: "[Defendant] has advised Ms. Davis that he is very agreeable to having Mr. Kelleter appointed to represent him at the re-sentencing." ECF No. 96, ¶ 5.

Furthermore, even if there had been a lack of communication, it does not appear that either the Defendant or Ms. Davis believe that Ms. Davis would be prevented from representing Defendant adequately at resentencing. The only grounds for withdrawal that counsel present are Defendant's inability and his family's inability to pay for Ms. Davis' continued representation of Defendant. Id. ¶ 3. However, the Motion also curiously notes that, during Defendant's appeal, he applied to the Court of Appeals for the appointment of counsel pursuant to the CJA. The application was granted, and Ms. Davis was appointed, pursuant to the CJA, to represent Defendant on appeal. Id. ¶ 2. Thus, as Ms. Davis should be paid by the Government pursuant to

CJA procedures, Defendant's ability or his family's ability to continue to pay her for her representation of Defendant is irrelevant; Ms. Davis is not being paid by either Defendant or his family.

Were this Court to grant the Motion to Withdraw and substitute Mr. Kelleter as CJA-appointed counsel on the bases presented in the instant Motion, it would produce at least two odd results: first, it would permit a defendant and/or a defendant's attorney(s) to handpick specific counsel for the defendant. However, as has been noted above, a defendant who requires appointment of counsel has no absolute right to withdrawal or substitution of <u>specific</u> counsel (here, Mr. Kelleter). Second, it would permit a defendant and/or a defendant's attorney(s) to withdraw and substitute CJA-appointed counsel on the basis of the defendant's or defendant's family's inability to <u>retain</u> counsel. However, because it is precisely the lack of such funds that permits the Court to <u>appoint</u> counsel, Ms. Davis' argument that Defendant and his family are unable to afford to <u>retain</u> her is inapposite. If this Court were to grant the Motion to Withdraw (as it currently stands), this Court would be permitting Defendant's and Defendant's family's lack of ability to retain counsel to dictate the continued service of appointed counsel. Moreover, Mr. Kelleter is still a counsel for the Defendant.

Finally, Defendant and his counsel make no other showing of good cause for withdrawal and substitution of counsel. Defendant does not advise of, for example, a conflict of interest that would prevent counsel from continuing to represent him at resentencing. See <u>Umar</u>, 161 F. Supp. 3d at 385. Thus, the Court finds that good cause for Ms. Davis to withdraw as counsel does not exist. Should both of the Defendant's current counsel wish to withdraw, the Court advises counsel that they inform the Court of the reasons for their withdrawal. Furthermore, as has been noted above, should Defendant desire the appointment of new counsel pursuant to the CJA,

Defendant will not be able to request specific counsel for substitution.

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** the Motion to Withdraw. ECF No. 96.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
January 4, 2017